# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RFID ENABLED SOLUTIONS, LLC,**

     **Plaintiff,**

  **v.**

                        **Civil Action 2:25-cv-1461**
                        **Chief Judge Sarah D. Morrison**
                        **Magistrate Judge Chelsey M. Vascura**

**MAXIM LABEL & PACKAGING, HIGH POINT INC.,**

     **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion to Seal (ECF No. 12). Defendant wishes to file, as an exhibit to its Answer (ECF No. 13), a Request for Proposal ("RFP") issued by non-party Goodwill of Southern NJ and Philadelphia ("Goodwill"). Defendant maintains that sealing is appropriate because Goodwill designated the RFP as confidential upon issuance to all bidders, and that, at minimum, Goodwill must be afforded the opportunity to be heard before the RFP is publicly disclosed. For the reasons that follow, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed

under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit. This is unsurprising, as Defendant does not assert an interest in keeping the document at issue confidential. Rather, it is non-party Goodwill who asserts that interest, and it is therefore Goodwill's burden to meet the *Shane Grp.* standard.

Therefore, Defendant's Motion (ECF No. 12) is **DENIED WITHOUT PREJUDICE**. The Court will afford Goodwill an opportunity to submit a properly supported motion for leave to file the RFP under seal **ON OR BEFORE JUNE 22, 2026**. If Goodwill does not file a motion for leave to file the RFP under seal within this timeframe, Defendant may file the RFP on the public docket without further leave of Court. Goodwill is further cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as

the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

Defendant is **ORDERED** to immediately serve a copy of this Order on Goodwill.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE